IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-2239-WDM-MJW

ANN GARRISON, et al.,

    Plaintiffs,

v.

GAMBRO, INC.,

    Defendant.

## ORDER ON MOTION FOR REVIEW OF TAXATION OF COSTS

Miller, J.

This matter is before me on Defendant's Motion for Review of Taxation of Costs, in which Defendant requests that I award expert witness fees in the amount of $24,680.30, which were denied by the Clerk of the Court in its October 19, 2004 Bill of Costs.[1]

The parties do not dispute that this issue is governed by 42 U.S.C. § 2000e-5(k), which provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

---

[1] The Clerk also reduced slightly the costs for transcripts. Defendant does not challenge this reduction.

In *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978), the Supreme Court construed a prior version of § 2000e-5(k) to permit a district court, in its discretion, to award attorney's fees "to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *See also Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029, 1033 (10th Cir. 1994) ("A Title VII defendant is not entitled to an award of fees unless the court finds that the plaintiff's' claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so") (quoting *Christiansburg*, 434 U.S. at 422).

Defendant contends that it retained expert witness Frank J. Landy, Ph.D., to counter Plaintiffs' assertion that the standardized assessment tests used by Defendant were not validated for the position at issue. I have reviewed the parties' summary judgment filings and my order granting summary judgment in favor of Defendant. Although Plaintiffs' claims in general, and their claim with regard to the validation of the tests in particular, were ultimately unavailing, I cannot conclude the claims were or became frivolous, unreasonable, or groundless.

Accordingly, it is ordered that Defendant's Motion for Review of Taxation of Costs, filed October 26, 2004, is denied.

DATED at Denver, Colorado, on July 26, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge